## CULLEN THOMPSON MOTOR CO. v. SULLIVAN & PHILLIPS ET AL.

(February 17, 1930. Opinion and Decree.)

Prowell, McBride & Ray and Welton P. Mouton, of New Orleans, attorneys for plaintiff, appellant.

J. C. Henriques and Harry M. Mayo, Jr., of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J. The Cullen Thompson Motor Company of Denver, Colo., brings this suit against the commercial partnership of Sullivan & Phillips and the individual partners of said firm for the sum of $892.83, with interest and attorney's fees. It is alleged in the petition that Sullivan & Phillips, a co-partnership domiciled in the city of New Orleans, purchased an automobile in that city that had been mortgaged to plaintiff in the state of Colorado, without having first obtained from the vendor an affidavit to the effect that the automobile was clear of incumbrances, and that therefore they are liable for the sum claimed under the provisions of section 5 of Act No. 198 of 1918. Defendants filed an exception of no cause of action, which was maintained, and plaintiffs have appealed.

Defendant's position is that section 5 of Act No. 198 of 1918 has been repealed by Act No. 193 of 1920, and that, though the act of 1920 has been subsequently repealed (Act No. 92 of 1920), the effect of that subsequent repeal did not revive the former law. In the alternative, it is claimed that the chattel mortgage law is a departure from the judicial policy of the state of Louisiana in relation to the hypothecation of movable property, except by pledge, and that the statute should be strictly construed, and, as so construed, its provisions do not apply to chattel mortgages executed outside of the state of Louisiana.

The title of Act 198 of 1918 reads as follows:

"To provide for the obtaining of an affidavit by a resident of any parish from a non-resident of such parish in connection with the purchase of the movable property which may be mortgaged under this Act; to provide penalties for the violation by the mortgagor and other persons of the provisions of such mortgages and of this Act and penalties for frauds in connection therewith."

Section 5 of the act, the section relied on here, reads:

"It shall be unlawful for a resident of any parish to purchase the movable property described in Section 1 from any non-resident of such parish, without first obtaining an affidavit from the non-resident that there is no mortgage on the property, nor any money due for the purchase price thereof; and the purchaser who shall buy the above referred to movable property, without having obtained the said affidavit, shall be liable to the creditor for the debt secured by the property."

Our attention is called to the fact that the purpose of the act, as outlined in its title, is to penalize mortgagors and other persons who violate the "provisions of such mortgages and of this act." The argument is that the act was not intended to

apply to any mortgages except those confected under the terms of the act itself.

In deciding the case in favor of defendants, the learned judge of the trial court gave the following reasons:

"Pretermitting a discussion as to whether the section of the act was repealed by the subsequent acts, providing for the method and manner in which automobiles may be sold, the Court is inclined to believe that the exception is well taken, for the reason that the act under which the liability is sought to be imposed deals with chattel mortgages covering particular characters and categories of property.

"This act in itself is a derogation of the general rule of law permitting people to dispose of their property without restriction and is subject to the rule of construction applicable to such laws, and is to be strictly interpreted.

"In addition, the statute is a criminal statute, and that in itself requires a strict interpretation of its provisions.

"It is apparent from a reading of the act that the act was intended to apply only to mortgages of the character and kind covered by the act itself, and to those confected under its provisions, and is not to be interpreted by construction to cover mortgages of all characters wherever confected, but is to be limited to those alone embraced in the act.

"Entertaining these views, it is my opinion that the mortgage confected in another State and, therefore, not confected under the provisions of this act is not within the intendment of the statute and is, therefore, not covered by that provision which imposes liability for the amount of the indebtedness due on the property, by a third person buying the property without first requiring an affidavit.

"The exception of no cause of action is, therefore, sustained and the suit dismissed."

We are in accord with the views of our brother below, and, for the reasons which he has given, incorporated in this opinion, the judgment appealed from will be affirmed.